FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE MORAN, MD, a married individual,<br><br>          Plaintiff,<br><br>      v.<br><br>ENCOMPASS INDEMNITY COMPANY, an Illinois Corporation, subsidiary of Allstate Insurance,<br><br>          Defendant. | No. 2:24-CV-00241-MKD<br><br>ORDER GRANTING PROPOSED PROTECTIVE ORDER<br><br>**ECF No. 33** |

The parties have submitted a Proposed Protective Order to the Court. ECF No. 33. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The parties' Proposed Protective Order, **ECF No. 33**, is **GRANTED**.

ORDER - 1

# PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for Plaintiff Julie Moran, MD, ("Plaintiff") and Defendant Encompass Indemnity Company ("Defendant"; collectively, the "Parties"), that, with regard to material disclosed in the course of the above-captioned lawsuit (the "Lawsuit") which constitute or contain "Confidential Material," the following procedures shall govern:

A.  This (Proposed) Stipulated Protective Order ("Order") is meant to encompass all forms of disclosure that may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript excerpt, inspection, and all other tangible items (electronic media, photographs, videocassettes, etc.) that encompass such material.

B.  The Parties may designate any such material produced or filed in this lawsuit as confidential and subject to the terms of this Order by marking or otherwise designating such materials "CONFIDENTIAL."  For purposes of this Order, Confidential Material is that which includes:

      i.  Defendant's underwriting and/or claims handling manuals, procedures, training materials, guidelines, standards, memoranda, written policies, software programs and any other similar documents or programs relating to, used to or intended to use to aid and/or instruct

ORDER - 2

Defendant's representatives and/or employees in the (a) underwriting process including but not limited to Defendant's underwriting workbench (comprising Defendant's underwriting tools, policies and processes involved in underwriting and rating risks); and/or (b) handling and/or adjustment of claims under uninsured and/or underinsured motorist policies;

ii. Proprietary information and documentation pertaining to Defendant's general business practices and those of its reinsurers, subsidiaries, third-party administrators, and other representatives, including but not limited to proprietary market conduct and regulatory inquiries and confidential business information;

iii. Manuals, guidelines, standards, memoranda, written policies, training material, software programs, and other similar documents or programs relating to or used in Defendant's investigation, evaluation, adjustment, defense of and/or handling of the insurance claim at issue;

iv. Manuals, guidelines, standards, memoranda, written policies, training material, software programs, and other similar documents or programs relating to Defendant's internal policies and procedures, including Defendant's company standards, code of ethics, ethical guidelines, or other similar documents; and

ORDER - 3

v. Employee/personnel files, documents and information for any of

Defendant's employees/personnel.

C.  Any material designated as "CONFIDENTIAL" shall not be disclosed, discussed with, or shown to anyone, except to a "Qualified Person" as defined in Paragraph C below.  All designations must be based on the good faith belief that the information is confidential as defined in Items 1-5 above.

D. Any party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties, provided that the testimony or exhibits are related to a confidential category set forth in Items 1-5, above.

E. Any party designating material as "CONFIDENTIAL" pursuant to this Order must use good faith efforts to limit any such designation to the specific material that is confidential and/or proprietary.  Mass, indiscriminate, or routine designations are strictly prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process, or to impose unnecessary expenses and burdens on other parties), may subject the designating party to sanctions upon motion to the Court.

F.  "Qualified Person" shall mean:

ORDER - 4

i. The Parties and counsel of record for the Parties, including all partners and associate attorneys of such counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof who are actually working on this case.

ii. Court personnel, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel of or affiliated with the Court, except that the Confidential Information should be redacted before being filed in a public court document unless prior agreement between the parties states otherwise. However, nothing in this Paragraph applies to, limits, prevents, or prohibits a party from submitting any materials designated as "CONFIDENTIAL" to the Court pursuant to a request to seal or a request for an in camera review.

iii. Stenographic reporters engaged in such proceedings as are necessarily incident to the litigation including deposition reporters, video operators and transcribers.

iv. Any person (and his or her counsel) from whom testimony under oath is taken at a deposition, trial or other evidentiary hearing in

ORDER - 5

connection with this litigation during said deposition, trial, or preparation therefor, and only to the extent said Confidential Material is, or in counsel's good faith judgment, may be relevant to said testimony.  Said individuals may be shown copies of any Confidential Material, but may not possess said "Confidential Material" outside of deposition, trial, or preparation therefor.

v. Author(s) and recipients of any Confidential Information or those indicated on such Confidential Information as authors or recipients.

vi. Consultants and/or Experts retained by a Party in connection with this lawsuit and designated, identified, or potential experts for any Party.

G. Any material designated as Confidential Material pursuant to Paragraph B shall be used solely for the purposes of this Lawsuit and for no other purpose.

H. Any recipient of any Confidential Material disseminated pursuant to this Order shall be bound by this Order and its terms.  Each person that is provided Confidential Materials, including expert witnesses and consultants, shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit A) consenting to be bound by the terms of this Order.  The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

ORDER - 6

I.  If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material unless and until they execute and file with the Court their written agreement to be bound by the terms of this Order.

J.  If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

K.  If a party believes that any material designated "CONFIDENTIAL" does not contain Confidential Information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested.  The parties shall have ten (10) days after such notice to meet and confer and attempt to resolve the issue.  If the dispute is not resolved within such period, the party designating the material as "CONFIDENTIAL" shall have fifteen (15) days in which to make a motion with respect to the contested information.  Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.  Both parties reserve all rights to pursue all remedies available under the applicable civil rules with respect

ORDER - 7

to motion practice if the parties cannot resolve a designation dispute.

L.  This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility in evidence.

M.  Nothing herein shall be a waiver of any privilege or any other objection to the admissibility of evidence at trial, in any pretrial proceeding or on appeal of any Confidential Information.  This Protective Order does not constitute a waiver of any party's right to object to discovery on any ground, nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

N.  By producing documents for review and inspection, the parties do not waive any objections to relevance for summary judgment or other purposes or to admissibility at trial of any such document or of any information contained in any document.

O.  By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work product doctrine, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law or regulation.

P.  The entry of this Protective Order shall be without prejudice to the rights

ORDER - 8

of the parties, or any one of them, or of any nonparty to assert or apply for additional or different protection.

Q.  Nothing in this Protective Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

R.  If a party inadvertently produces documents without the required "CONFIDENTIAL" legend, the producing party shall inform the receiving party in writing of the inadvertent omission and the specific material at issue.  Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material.  A party shall not be deemed to have waived any right to designate material as "CONFIDENTIAL" by allowing inspection of such material prior to a designation of such material as "CONFIDENTIAL" or by inadvertently failing to mark a document as "CONFIDENTIAL" prior to its disclosure.  No party or person shall be liable for publicly disclosing a document not marked "CONFIDENTIAL" if that disclosure occurred prior to timely receipt of written notice regarding inadvertent omission pursuant to this paragraph.

S.  If a party maintains the filing of material designated as

ORDER - 9

"CONFIDENTIAL" is necessary to the resolution of any issue before the Court, the parties agree to work cooperatively to ensure the material is properly submitted and timely considered by the Court prior to any ruling (*e.g.*, by stipulating to adjusted filing deadlines, an agreed motion to seal, revisiting designations of "CONFIDENTIAL," etc.).

T.  This Protective Order shall not apply to the disclosure of confidential documents or the information contained therein at the time of trial, through the receipt of confidential documents into evidence or through the testimony of witnesses, or in any alternative dispute resolution proceeding including arbitration and mediation.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

U.  Within thirty (30) days after the termination of this lawsuit (whether by dismissal, final judgment, appeal or settlement), all Confidential Material (including all copies) in the possession or control of the parties or their counsel shall be returned to counsel for the designating party (or, in the alternative, permanently destroyed), and all copies of any software shall be deleted from any computer in their possession or control of the parties.  In addition, returning counsel shall: (1) contact all persons to whom that counsel has disseminated

ORDER - 10

Confidential Material, and (2) confirm that all such material has been returned to disclosing counsel for return to the designating party, or, in the alternative, permanently destroyed.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, as well as trial, deposition, and hearing transcripts, discovery materials, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials are marked confidential or contain Confidential Information.

V.  By signing below, the Parties have explicitly agreed and stipulated that the Confidential Material shall be treated as confidential pursuant to all terms and conditions of this Order, and expressly intend to be legally bound by the provisions of this Order.  The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

W.  Any party designating any material as "CONFIDENTIAL" represents and warrants that the material has not previously been publicly disseminated by the party or its counsel (other than for purposes of this litigation) and that the party has previously used all reasonable efforts to maintain the material as private and confidential.

ORDER - 11

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to the parties.

DATED August 11, 2026.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 12

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of Washington on August 11, 2026, in the case of *Moran v.*

*Encompass Indemnity Company,* Eastern District of Washington, Case No. 2:24-

CV-00241-MKD.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Washington for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

Date:_____

ORDER - 13

_____

SIGNATURE

_____

PRINTED NAME

_____

CITY AND STATE WHERE SWORN/SIGNED

ORDER - 14